ALTENBERND, Associate Judge.
John Hanna Ghannam appeals three orders entered in enforcement proceedings following the final judgment of dissolution of marriage to his former wife, Mary Sa-waya Ghannam.[1] We affirm all three orders, but we write to clarify what we understand to be the current status of two issues in this long-contested proceeding.
First, at the time the final judgment was entered in October 2012, this couple owned a marital home as well as rental properties. One of the properties was a home next to the marital home. The circuit court ordered that this house be sold with the proceeds evenly split between the parties. The property was to be placed on the market within thirty days of the entry of the final judgment with a listing price determined by Mr. Ghannam. “based on a recent appraisal of the home’s value.”
Without detailing the complexities of the transaction, it is undisputed that in early 2013, Mr. Ghannam entered into a contract with a third party to sell the house for $55,000. Ms.- Ghannam contested this arrangement, maintaining that the price was below the market value and that the buyer *893 was a friend of Mr. Ghannam. Ms. Ghan-nam’s motion to enforce the final judgment asked the circuit court to determine the fair market value as a listing price for the house. Following testimony, the circuit court accepted the evidence provided by Ms. Ghannam and set the price at $95,000.
Mr. Ghannam appeals this ruling even though a sale at $95,000 would net him more money than a sale at $55,000. The circuit court has not determined this value for equitable distribution; it is a listing price. If it is too high, no one will buy the house at that price. We fail to see how the circuit court has committed any harmful error by setting the listing price at a number higher than the number proposed by Mr. Ghannam.
But a separate issue looms behind the circuit court’s order. Mr. Ghannam entered into a contract to sell this property to a third party. That person has never been a party to this proceeding. The rights, if any, of that person have not been resolved. A second sale of this house may be problematic until the rights of the first purchaser are determined.
Second, the final judgment awarded Mr. Ghannam his collections of guns, stamps, and coins. He was also entitled to receive other personal property, including a 1994 Ford F700 truck. The property was allegedly under the control of Ms. Ghannam leading up to the entry of the final judgment. Mr. Ghannam claims that he never received this property pursuant to the final judgment. Ms. Ghannam claims not to have it. Despite all of the various motions and proceedings, the whereabouts of the guns, stamps, coins, and Ford truck have never been determined by the circuit court. The orders entered to date do not prevent Mr. Ghannam from filing a sufficient motion to determine whether Ms. Ghannam fully complied with the equitable distribution requirement of the final judgment.
The court is understandably impatient at this point with litigants who seem determined not to cooperate even if it causes all of their assets and the future inheritance of their children to be consumed by attorneys’ fees spent on avoidable squabbles. On remand, these issues will remain unresolved. If the parties cannot resolve them without further use of judicial resources, they may be well advised to ask the court to appoint a special magistrate under Florida Family Law Rule 12.492 to resolve these matters.
Affirmed.
SLEET and LUCAS, Associate Judges, Concur.

. The Second District has been designated to serve as the Fifth District in this case, all members of the Fifth District being recused.